IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Patricia Lucas, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 11 C 787 |
| Omni Credit Services of Florida, Inc., a Florida corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Patricia Lucas, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Patricia Lucas ("Lucas"), is a citizen of the State of Ohio, from whom Defendant attempted to collect a delinquent consumer debt owed to the Home Shopping Network, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Omni Credit Services of Florida, Inc. ("Omni"), is a Florida corporation that, from its offices in Wisconsin, Michigan and Florida, acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Omni operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Omni was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Omni is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Omni conducts business in Illinois.

## FACTUAL ALLEGATIONS

6. Ms. Lucas is a disabled woman, with limited assets and income, who fell behind on paying her bills, including a debt she owed to the Home Shopping Network. When Defendant Omni began trying to collect this debt from Ms. Lucas, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Omni's collection actions.

7. On November 21, 2010, one of Ms. Lucas' attorneys at LASPD informed Omni, in writing, that Ms. Lucas was represented by counsel, and directed Omni to cease contacting her, and to cease all further collection activities because Ms. Lucas was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit B.

8.     Nonetheless, Defendant Omni's debt collectors continued to call Ms. Lucas directly many times thereafter, including, but not limited to, a telephone call on January 11, 2011 from 800-670-944, to demand payment of the Home Shopping Network debt.

9.     Accordingly, on January 11, 2011, Ms. Lucas' LASPD attorney had to send Defendant Omni another letter, to direct it again to cease communications and cease collections.  Copies of this letter and fax confirmation are attached as Exhibit C.

10.     Defendant Omni's collection actions complained of herein occurred within one year of the date of this Complaint.

11.     Defendant Omni's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

12.     Plaintiff adopts and realleges ¶¶ 1-11.

13.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

14.     Here, the letter from Ms. Lucas' agent, LASPD, told Defendant Omni to cease communications and cease collections (Exhibit B).  By continuing to communicate regarding this debt and demanding payment, Defendant Omni violated § 1692c(c) of the FDCPA.

15. Defendant Omni's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

18. Defendant Omni knew that Ms. Lucas was represented by counsel in connection with her debt because her attorneys at LASPD had informed Defendant, in writing (Exhibit B), that she was represented by counsel, and had directed Defendant Omni to cease directly communicating with her. By directly calling Ms. Lucas, despite being advised that she was represented by counsel, Defendant Omni violated § 1692c(a)(2) of the FDCPA.

19. Defendant Omni's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Patricia Lucas, prays that this Court:

1. Find that Defendant Omni's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Lucas, and against Defendant Omni, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.  Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Patricia Lucas, demands trial by jury.

                                                           Patricia Lucas,

                                                           By: /s/ David J. Philipps
                                                           One of Plaintiff's Attorneys

Dated:  February 4, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com